UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STACEY BADON | CIVIL ACTION |
| VERSUS | NO. 19-12503 |
| RELIABLE PCA AND SIL AGENCY, LLC ET AL. | SECTION "L" (3) |

### ORDER & REASONS

Pending before the Court is Defendants' Motion to Dismiss for failure to state a claim. R. Doc. 17. The Court considered the motion last month and identified a deficiency in Plaintiff's complaint. Accordingly, the Court granted Plaintiff leave to amend her complaint and deferred ruling on the motion until such time. Plaintiff has filed an amended complaint, R. Doc. 23, and the Court takes this opportunity to revisit Defendant's motion in light of the amended allegations. Having considered the parties' arguments and the applicable law, the Court now rules as follows.

**I.   BACKGROUND**

This case arises from alleged violations of the Fair Labor Standards Act ("FLSA"). Plaintiff Stacey Badon alleges that she and other similarly situated home health caregivers employed by Defendant Reliable PCA and SIL Agency, LLC ("PCA") were denied overtime compensation for hours worked in excess of forty hours per week because they were wrongly classified as exempt employees. R. Doc. 1 ¶ 22. Plaintiff filed the instant suit as a collective action under the FLSA against PCA and Quentina Dawson, PCA's owner and managing member, seeking compensation for unpaid overtime, liquidated damages, attorney fees and costs, and other damages. R. Doc. ¶ 23. Plaintiff estimates the class of similarly situated individuals could include "dozens, if not

1

hundreds," of members. R. Doc. 1 ¶ 24. She further contends that a collective action is appropriate because (1) the number of potential class members makes joinder impractical, (2) the potential class members all performed the same or substantially the same job and were all denied overtime compensation; (3) this payment scheme was applied uniformly such that common issues of law and fact predominate. R. Doc. 1 ¶ 24–28. Specifically, Plaintiff contends she worked fifty-six hours a week during her twelve months of employment with PCA but was only paid for forty hours. R. Doc. 1 ¶ 30–34.

Defendants answered the complaint, admitting that PCA employed Plaintiff but generally denying liability. R. Doc. 8. Notably, Defendants admit to having inadvertently omitted paying certain employees overtime wages, but that these errors, once discovered by PCA and the United States Department of Labor, were disclosed to all employees and the outstanding overtime payments were made to thirty-three employees. R. Doc. 8 ¶ 22. Defendants aver that Plaintiff was one of the employees to whom overtime payments were owed, but that she refused to accept the $2,608.16 offered to her—a sum approved by the Department of Labor—and initiated the instant action instead. R. Doc. 8 ¶ 34. Defendants raise a number of affirmative defenses including failure to state a claim and a number of FLSA-specific defenses and argue that collective treatment is inappropriate because proposed class members are not similarly situated and because common issues do not predominate over individual ones.

## II. PENDING MOTION

Defendant filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). R. Doc. 12. Essentially, Defendant argued that Plaintiff had failed to state an FLSA claim for overtime compensation because her employment as a home health care giver did not involve "the actual movement of persons or things in interstate commerce" and because she "neglected to

allege any work week in which she worked at least 40 hours and also worked uncompensated time in excess of 40 hours." R. Doc. 12 at 3–4. Lastly, Defendant contended this litigation could not proceed as a collective action because "[t]he class is not defined anywhere in the Complaint, and [Plaintiff] has not provided defendants with notice regarding the scope of the putative class." R. Doc. 12 at 4.

Plaintiff opposed the motion, arguing she had sufficiently stated a claim under the FLSA. R. Doc. 17 at 1. Specifically, Plaintiff averred she sufficiently pleaded a claim for overtime compensation under the FLSA, which does not require information about "specific weeks or dates" as Defendant suggested. R. Doc. 17 at 3. Further, Plaintiff argued that Defendants' attempt to oppose Plaintiff's Motion for Conditional Class Certification via a Rule 12(b)(6) motion was inappropriate. R. Doc. 17 at 5.

On June 4, 2020, the Court issued an Order and Reasons addressing Defendant's motion. The Court found that although Plaintiff had satisfactorily stated a claim for violations of FLSA's overtime requirements, she had not successfully pleaded individual or enterprise coverage under the statute. R. Doc. 22. The Court accordingly granted Plaintiff leave to amend her complaint to remedy the identified deficiencies within twenty-one days. The Court considers whether Plaintiff has successfully pleaded FLSA coverage at this juncture.

### III. LAW & DISCUSSION

#### A. Federal Rule of Civil Procedure 12(b)(6)

The Federal Rules of Civil Procedure permit a defendant to seek a dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

*Conley v. Gibson*, 355 U.S. 41, 47 (1957).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ). The district court must construe facts in the light most favorable to the nonmoving party and must accept as true all factual allegations contained in the complaint. *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005).

### B. Overtime Compensation under the FLSA

In relevant part, the FLSA requires employers to compensate covered employees for hours worked in excess of forty hours per week with one and a half times their normal hourly rate of pay. 29 U.S.C. § 207. To state a claim for unpaid overtime wages, a plaintiff must plead: "(1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due." *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014).

As explained in the Court's June 2, 2020 Order and Reasons, Defendant's Motion to Dismiss challenged the applicability of the FLSA and the existence of overtime compensation violations. R. Doc. 22 at 5. The Court was satisfied that Plaintiff had appropriately pleaded the violation element of her FLSA claim because she had made specific factual allegations regarding the approximate dates and hours worked for which Plaintiff claims she was under-compensated.

R. Doc. 22 at 9–10. The Court does not disturb this finding in any respect.

The Court now turns its attention to the issue it ordered Plaintiff to address by amended complaint—the applicability of the FLSA. The Court considers this element anew in light of the amended complaint.

### 1. Individual and Enterprise Coverage

The FLSA's minimum wage and overtime provisions apply to employees who are "engaged in commerce or in the production of goods for commerce" ("individual coverage"), or (2) "employed in an enterprise engaged in commerce or in the production of goods for commerce" ("enterprise coverage"). 29 U.S.C. §§ 206(a), 207(a). The FLSA defines "commerce" as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof," or, in simpler terms, interstate commerce. 29 U.S.C. § 203(b). "*Either* individual or enterprise coverage is enough to invoke FLSA protection." *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (emphasis in original). Successfully pleading individual or enterprise coverage under the FLSA is not a high bar. Indeed, the interstate commerce requirement "is rarely difficult to establish." *Jacobs v. New York Foundling Hosp.*, 577 F.3d 93, 99 (2d Cir. 2009).

Sufficiently pleading individual coverage requires a plaintiff to "allege facts giving rise to a reasonable inference that he or she was engaged in commerce or in the production of goods for commerce." *Mejia v. Bros. Petroleum, LLC*, No. CIV.A. 12-2842, 2015 WL 3619894, at *5 (E.D. La. June 9, 2015). Determining whether an employee is engaged in interstate commerce requires a court to consider "whether the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it rather than an isolated activity." *Williams v. Henagan*, 595 F.3d 610, 621 (5th Cir. 2010). "Work that is purely

the Court finds that Plaintiff has successfully amended her complaint to plead individual coverage under the FLSA. Specifically, Plaintiff has articulated that a routine part of her job required her to work with materials produced in and presumably transported from, other states. Further, Plaintiffs' allegations about Defendants' relationship with out of state insurers permits the inference that the services she provides to her patients are directly linked to interstate commerce. *See Alvarez v. Amb-Trans Inc.*, No. SA-11-CV-179-XR, 2012 WL 4103876, at *3 (W.D. Tex. Sept. 17, 2012) (holding that individual coverage existed where many patients of an ambulance company paid for the services of the company and its employees through Medicare).

Alternatively, Plaintiff has successfully demonstrated that enterprise coverage also applies. An enterprise subject to the FLSA is one that:

> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) . . .

29 U.S.C. § 203(s)(1)(A).

A plaintiff may satisfy the first prong of this requirement by demonstrating that more than one of the organization's employees engaged in interstate commerce. This inquiry involves the same considerations as the individual coverage determination, although the focus need not be on the plaintiff himself. Alternatively, a plaintiff may allege that at least two of the organization's employees handle, sell, or otherwise work on goods or materials that have moved in interstate commerce. *See* 29 U.S.C. § 203(s)(1)(A)(i).

Plaintiff's amended complaint alleges that Defendants were an enterprise "engaged in commerce" because they "regularly and routinely contracted with out of state insurers and

7

Medicare offices to provide services and adhered to the rules, regulations and laws associated with said federal program." *Id*. ¶ 9. Accepting this allegation as true at this stage of the litigation permits the Court to infer that enterprise coverage is applicable. Even if Plaintiff herself did not engaged in commerce, she has alleged sufficient facts to allow the Court to infer that Defendants employed people who "handle, sell, or otherwise work on [interstate] goods or materials" in the scope of employment. 29 U.S.C. § 203(s)(1)(A)(i). As explained above, Plaintiff and her colleagues are required to use supplies and administer drugs manufactured in other states while performing their regular responsibilities. This is sufficient to at least plausibly alleged enterprise coverage. *See Mata v. Caring For You Home Health, Inc.*, 94 F. Supp. 3d 867, 873 (S.D. Tex. 2015) (holding that enterprise coverage existed where home health caregivers drove Toyotas and carried equipment and supplies ordered from an out of state company); *Rodriguez v. Cortes*, No. 09-20435-CIV, 2009 WL 10667874, at *4 (S.D. Fla. Oct. 9, 2009) (holding that enterprise coverage existed where Plaintiffs "regular[ly] and recurrent[ly]" used "latex gloves, pharmaceutical samples, uniforms and various medical supplies manufactured outside the State in the course of their employment"); *see also Smith v. Metro Sec., Inc.*, No. CV 18-953, 2019 WL 6701311, at *8 (E.D. La. Dec. 9, 2019) (holding that enterprise coverage existed where security employees were provided with vehicles and firearms manufactured in other states). Additionally, Plaintiff's allegations make it reasonable to infer that a regular and routine component of Defendants' business involved administrative communications with and the receipt of insurance payments from various out of state entities. *Cf. Dent v. Giaimo*, 606 F. Supp. 2d 1357, 1361 (S.D. Fla. 2009) (holding that contacting out of state insurance companies failed to trigger enterprise coverage absent allegations about how frequently these contacts were made).

The second prong may be satisfied by allegations made "upon information and belief," as

employees are rarely in a position to know, with specificity, their employer's annual gross volume of sales. *Centeno v. Facilities Consulting Grp., Inc.*, No. 3:14-CV-3696-G, 2015 WL 247735, at *11 (N.D. Tex. Jan. 20, 2015) (explaining that requiring a plaintiff to plead this element with specificity would "violate Federal Rule of Civil Procedure 11 by including mere speculations in the pleadings"); *see also Blundell v. Lassiter*, No. 3:17-CV-1990-L-BN, 2018 WL 6738046, at *8 (N.D. Tex. May 21, 2018) ("As to the second prong of the enterprise coverage definition, an allegation made "upon information and belief" is generally sufficient to survive a motion to dismiss.").

Here, Plaintiff further alleges that, "[b]ased upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant periods." R. Doc. 1 ¶ 12. Plaintiffs' allegations regarding annual revenue clearly satisfy this pleading standard. Accordingly, Plaintiff has plausible alleged the existence of enterprise liability.

Accepting the allegations contained in Plaintiff's amended complaint as true allows the Court to conclude that Plaintiff has plausibly alleged that the FLSA applies in this matter. For this reason, and because the Court has already found the other elements of Plaintiff's FLSA claim to have been plausibly alleged, see R. Doc. 22, the Court will deny Defendant's motion to dismiss at this time.

IV. **CONCLUSION**

Based on the foregoing,

**IT IS ORDERED** that Defendant's Motion to Dismiss, R. Doc. 17, is **DENIED**.

New Orleans, Louisiana this 2nd day of July, 2020.

9

_____
Eldon E. Fallon
United States District Judge